By the Court, Nelson, Ch. J.
The act of 1837, (Sess, Laws ’37, p. 487, § 2,) provides, among other things, that if the defendant shall plead or give notice of the defence of usury and shall verify the same by affidavit, he may, for the purpose of proving the usury, call and examine the plaintiff as a witness in the same manner as other witnesses It is quite obvious from the connection in which the defendant is allowed *566 to give the notice required by the statute, that it is to be given as in other cases under the general issue. It should contain matters which if pleaded would constitute a good plea of usury. Indeed it ought to embrace all the substantial requisites(a) of such a plea—i. e. a precise statement of the usurious contract and the amount of usurious interest received. (Tate v. Wellings, 3 T. R. 531 ; Hinton v. Roffey, 3 Mod. 35.) In the latter case it was expressly held that, in pleading the statute of usury, the corrupt agreement and the usurious interest taken must be accurately set forth. (And see 2 Chitty’s Pl. 46, 7 ; 1 Saund. Rep. 295,note (1) ; Carlisle v. Trears, Cowp. 671 ; Comyn on Usury, 203 ; Vroom v. Ditmas, 4 Paige, 533.)
The court erred, also, in compelling the payee of the note to answer questions tending to criminate himself. It was expressly held in Burns v. Kempshall, (24 Wend. 360,) that the answer in a like case might tend to subject him either to a penalty or to an indictment for a misdemeanor.
But the error is not available to the plaintiff. The privilege belongs exclusively to the witness, who may take advantage of it or not at his pleasure. The party to the suit cannot object. He has no right to insist upon the privilege and require the court to exclude the evidence on that ground. The witness may waive it and testify, in spite of any objection coming from the party or his counsel. (Thomas v. Newton, 1 Mood. & Malk. 48, note (b) ; Treat v. Browning, 4 Conn. R. 408 ; Southard v. Rexford, 6 Cowen, 259 ; Cowen & Hill’s Notes to Phil. Ev. 748.) (b) If ordered to testify in a case where he is privileged, it is a matter exclusively between the court and the witness. The latter may stand out and be committed for contempt, or he may submit; but the party has no right to interfere or complain of the error. It would be otherwise if the court allowed the privilege in a case where the witness had *567 not brought himself within the rule, as the party would then be improperly deprived of his testimony.
Upon the other ground, however, viz. that the notice given with the plea was defective under the statute of 1837, a new trial must be granted for the error in compelling the plaintiff to be sworn and give evidence on the question of usury. It does not appear that he testified to any material fact, and therefore the error might have been disregarded on a case ; but as this is a bill of exceptions, it was not important to state any thing more in the bill than sufficient to show that the question was properly raised on the trial.
New trial granted.

 See Fuller v. Rood, (ante p. 258.)

5) See Ward v. The People, (ante, p. 395, 398, note (6).)